# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 20-00175-01-CR-W-RK |
| TAYLER CHARLES JONES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On August 28, 2019, the grand jury for the District of Kansas returned a superseding indictment charging Defendant Tayler Charles Jones with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). Doc. 2. This matter was transferred to the Western District of Missouri on August 17, 2020 for purposes of plea and sentence pursuant to Fed. R. Crim. P. 20. Doc. 1. Defendant has also been charged in a related case in the Western District of Missouri – *United States v. Elburki, et al.,* 19-00406-02-CR-W-RK which is currently set for trial on June 6, 2022. Defense counsel previously indicated that many of the factual and legal issues in this case are interrelated to the issues in *Elburki*, *et al.*

On October 6, 2021, the Court held a status conference in which Defendant, counsel for Defendant, David Guastello, and counsel for the Government, Bruce Rhoades, were all present in person. Defense counsel indicated it was still his intent to have this matter track the *Elburki* matter in which Defendant was also charged. However, rather than continue this case out to June 2022, defense counsel orally moved to continue this matter to November 16, 2021. Counsel for the Government indicated he had no objection to the requested continuance. The Court personally inquired of Defendant who stated he had no objection to the requested continuance, and further confirmed he had no objection to this matter remaining in the Western District of Missouri.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing

the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

The Court finds that the failure to grant the continuance as requested by defense counsel would result in a miscarriage of justice as any guilty plea in this case could negatively harm the Defendant's ability to present a defense in the *Elburki, et al.* matter. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The Court further finds the ends of justice served by the continuance requested by defense counsel outweigh the best interests of the public and the defendant in a speedy trial in this case. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court, in ordering this matter to be continued is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant's oral motion to continue is GRANTED. It is further

ORDERED that a Status Conference in this case is set for November 16, 2021 at 1:30 p.m. in Courtroom 6D. It is further

ORDERED that the time between the date of this Order and November 16, 2021 shall be excluded in computing the time within which this trial must commence.[1]

**IT IS SO ORDERED.**

DATE: October 6, 2021    /s/ *W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are reminded that pursuant to Rule 20, "If the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket." Fed. R. Crim. P. 20(b). Stated differently, if this matter does not result in a guilty plea this case must be transferred back to the District of Kansas for further proceedings.